[No. 11691.  Department Two.  March 27, 1914.]

ALICE ENGELSEN, *Appellant*, v. SPOKANE, PORTLAND & SEATTLE RAILWAY COMPANY, *Respondent*.[1]

RAILROADS—INJURIES TO PERSONS NEAR TRACKS—CONSTRUCTION—NEGLIGENCE. Negligence cannot be predicated upon the mere construction of a railroad upon a county highway, which is permitted by Rem. & Bal. Code, § 8740.

SAME—INJURIES TO PERSONS NEAR TRACKS—BLOWING WHISTLE—NEGLIGENCE—EVIDENCE—SUFFICIENCY. No negligence is shown in the blowing of a whistle, whereby a horse on the highway was frightened and ran away, where it appears that the whistle was blown just before reaching a railroad bridge, pursuant to a rule of the company, that the engineer did not see the horse, which did not, in any event, become frightened until the whistle was blown, and it does not appear that the whistle was different from other whistles on railroad engines.

Appeal from a judgment of the superior court for Clarke county, Back, J., entered April 30, 1913, upon the verdict of a jury rendered in favor of the defendant, by direction of the court, in an action for personal injuries sustained on a highway.  Affirmed.

*W. W. McCredie, Geo. S. Shepherd*, and *Edward J. Clark*, for appellant.

*Carey & Kerr, Omar C. Spencer*, and *A. L. Miller*, for respondent.

[1]Reported in 139 Pac. 599.

MOUNT, J.—The plaintiff brought this action to recover damages on account of personal injuries received by her while she was driving upon a highway.

The complaint alleged that the defendant was negligent, first, in constructing its railroad upon a public highway; and second, that one of the defendant's employees did wilfully and so negligently, unreasonably, and unnecessarily blow the whistle of the engine drawing the train that it frightened the horse that the plaintiff was driving, causing it to become unmanageable and to run away with the plaintiff. Upon motion of the defendant, the first cause of negligence was stricken from the complaint. The second alleged negligence was denied by the defendant. The case was tried upon these issues. At the close of the plaintiff's evidence, the defendant moved for an instructed verdict, which the court denied at that time, with leave to the defendant to renew the motion at the close of all the evidence. At the close of all the evidence, the court directed a judgment in favor of the defendant. The plaintiff has appealed.

The evidence shows that, on August 25, 1908, the plaintiff started from her father's home to drive about two miles west to the town of Washougal. The wagon road between these points runs parallel with and alongside of the railway. At a point about a mile and a half east of Washougal, the county road upon which the plaintiff was driving crossed from the south to the north side of the railway tracks. It then proceeded west a distance of about 200 feet, where the road crossed Gibbons creek upon a county bridge. The wagon road then turned southward alongside of the railroad for a distance of about 450 feet. The railroad crossed Gibbons creek upon a bridge about 50 feet south of the wagon bridge. From the railroad bridge west, a distance of about 450 feet, the railroad was constructed upon a fill of from 8 to 11 feet above the wagon road, upon what had previously been the county wagon road. About 2,000 feet east of the public crossing, was a post, described as a whistling post.

From this post into the town of Washougal, the railroad runs straight.

Shortly after the plaintiff had crossed the bridge upon the county road, a freight train came from behind her, traveling in the same direction. Just before crossing the railroad bridge, the freight train gave three sharp whistles. The plaintiff was then driving along the side of the railroad track upon the county road. Her horse became unmanageable, ran away, threw her out of the buggy, and she was injured.

The appellant argues that the court erred in striking out parts of the complaint based upon the construction of the railroad upon the county road. There was no error in this. The statute, Rem. & Bal. Code, § 8740 (P. C. 405 § 85), permits railroads to be constructed upon county roads. In *Scott v. Astoria R. Co.*, 43 Ore. 26, 72 Pac. 594, 99 Am. St. 710, 62 L. R. A. 543, the supreme court of Oregon said:

"The demands of commerce necessitates the construction of railways in the places and manner indicated, and their location can never become a question to be submitted to a jury, for, if they could find that a certain line should have been deflected a 'few feet to one side' of that determined upon by a railway company, where would be the limit to their power?"

In *Beatty v. Central Iowa R. Co.*, 58 Iowa 242, 12 N. W. 332, it was said: "The mere constructing of a railway in close proximity to a highway, is not, in itself, an act of negligence." See, also, 2 Shearman & Redfield, Negligence (6th ed.), § 414. It is plain, therefore, that the court did not err in striking this allegation from the complaint.

The appellant also argues that the court erred in not submitting the question to the jury whether the railroad company was negligent in blowing its whistle at an unusual place and, as stated by some of the witnesses, in an unusual manner. Two or three witnesses who were near the point of the accident testified that, just before the train passed onto the railroad bridge, three blasts of the whistle were blown.

One of the witnesses stated in reference to these blasts: " . . . what I consider was a powerful whistle, and they were in quick succession, as I said, apparently to scare something off the track." He also testified that it was unusual to hear the whistle at that point. Other witnesses testified to the same effect. The witnesses for the defendant were the engineer and fireman in charge of the engine on that day. The engineer testified that he did not see the plaintiff, and did not know anything about the matter until some time afterwards. The fireman testified that he saw the plaintiff as the train passed, and that she was having trouble with her horse; that the engineer did not see her. The engineer also testified that it was a rule of the company to blow the whistle at public crossings, and also at bridges when he thought persons might be upon them, and also for section men who might be along the track. While the evidence of the plaintiff was to the effect that the whistle which was blown was a powerful whistle, and that the blasts were blown in quick succession, and that it was not usual for the whistle to be blown at that point, yet it was not shown that this whistle was different from other whistles upon railroad engines, or that it was operated different from other whistles. We are satisfied that there was no negligence shown in the blowing of the whistle at this point.

There was no direct evidence that the engineer saw the plaintiff prior to the time or while her horse was running away. At the time her horse started to run, she was some distance in advance of the train. She was from eight to eleven feet below the grade upon which the train was running. And while some of her witnesses testified that there was nothing to prevent the engineer from seeing her, we are satisfied that, even though it might have been found from the evidence that the engineer saw her, or might have seen her before he blew the whistle, negligence cannot be attributed to him; because, if he had seen her, it would have been proper for him to have blown the whistle so as to warn her of the

approach of the train.   Unless there was evidence sufficient
to show that the engineer was negligent in blowing the
whistle, there  was no case to be submitted to the jury.   In
the case of *Lyons v. Chicago, M. & St. P. R. Co.*, 28 S. D.
31, 132 N. W. 679, which is a case similar to this one, the
supreme court of South Dakota said:

"But, assuming a jury might find that the whistling was
continued for several rods, that fact alone would not render
the defendant liable for the reason that the statute expressly
requires the bell or whistle to be kept ringing or whistling for
a distance of at least 80 rods at every public crossing, and
impliedly permits ringing or whistling continuously during
the progress of the train.   It follows that the defendant was
entitled to a directed verdict unless the evidence justified the
conclusion that the whistle was negligently blown after the
engineer was aware of the plaintiff's peril."

And in *Wheeler v. Wabash R. Co.*, 159 Mo. App. 579, 141
S. W. 472, it was said:

"All of the cases in this state, as well as those in the great
majority of other jurisdictions, unite in saying that the
perils of the wayside traveler occasioned by noises and sights
necessarily produced in the running of trains in the country
on schedule are things the traveler must guard against and
are not perils the operators of trains must watch for and
prevent.   Of course it is the duty of an engineer in passing
places where the railroad and a public road adjoin and par-
allel each other not to allow the engine to emit unusual and
unnecessary noises and, further, many cases hold, we think
properly, that where he actually sees that horses are becom-
ing unmanageable and has the means at hand for preventing
the infliction of an injury he should reasonably employ such
means when he may safely do so."

We have no doubt that this is the correct rule.   Applied to
this case it follows, that there was no act of negligence on the
part of the engineer of the railroad company.   It is not
claimed upon the evidence that the horse which the plaintiff
was driving was frightened or became unmanageable before
the blowing of the whistle; but the evidence tends to show

that the blowing of the whistle was the cause of the horse becoming frightened. The engineer, therefore, was not aware, and could not have been aware, of the plaintiff's predicament until after the whistle was blown. The blowing of the whistle, therefore, could not be held to have been wilful or negligent, unless it may be said that the blowing of the whistle prior to crossing a railroad bridge or before coming to a point where travelers may be upon a highway in close proximity to a railroad, may be said to be negligence as a matter of law. We are satisfied that no such rule has been held in any case.

We think the court might properly have taken the case from the jury upon the plaintiff's evidence. But when it was shown by the defendant's evidence that the engineer did not see the plaintiff and, as a matter of fact did not know of her proximity to the railroad, or know of the fact that her horse was frightened; and the further fact that it was customary to blow the whistle before crossing a bridge upon which persons might be employed, or at points where section men were liable to be, made it imperative upon the court to hold that there was no negligence in fact shown.

The judgment of the trial court is therefore affirmed.

CROW, C. J., FULLERTON, MORRIS, and PARKER, JJ., concur.